05 CV 6230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
                                                             :
THOMAS INDUSTRIAL NETWORK, INC.     :     __ Civ. ___
                                                             :
                             Plaintiff,                     :
                                                             :
           - against -                                       :
                                                             :
INDUSTRIAL QUICK SEARCH, INC.,            :
                                                             :     **COMPLAINT**
                                                             :
                                                             :     **Jury Trial Requested**
                             Defendant.                     :
------------------------------------------------------------ x

RECEIVED JUL 07 2005 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Thomas Industrial Network, Inc. ("TIN" or "Plaintiff"), by its attorneys Satterlee Stephens Burke & Burke LLP, as and for its Complaint against defendant Industrial Quick Search, Inc. ("IQS"), alleges as follows:

## NATURE OF THIS ACTION

1.      This is an action for (a) unfair competition and false advertising arising under the laws of the United States, as provided for at Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (b) common law unfair competition; and (c) trademark infringement.

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and 1367(a).

3.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400.

-1-

612036_3

4. By reason of its purposeful and regular solicitation and transaction of business between itself and individuals and companies within New York, including solicitation in the Southern District of New York of advertising to appear on its website from New York companies, which transaction of business includes the making of contracts to supply services in New York, defendant IQS is subject to personal jurisdiction in New York.

5. Further, by reason of having committed tortious acts causing injury to Plaintiff in New York as set forth herein, the regular and purposeful doing of business and other persistent conduct in the New York, deriving substantial revenue from services rendered in New York, deriving substantial revenue from interstate commerce, and the expectation which it has or should have that its tortious acts would have consequences in New York, defendant IQS is subject to personal jurisdiction in New York.

## THE PARTIES

6. Plaintiff TIN is a Delaware corporation having its principal place of business in the Southern District of New York.

7. Plaintiff publishes multimedia business publications including the Thomas Register of American Manufacturers®, a comprehensive annual printed directory containing listings, and in some cases descriptions, of manufacturing and other industrial products, services, companies and executives (which is also offered, as Thomas Register®, in CD-ROM and DVD versions), and the Thomas Regional® directory of industrial suppliers, including manufacturers, distributors and service companies.

8. Plaintiff operates an online version of the Thomas Register®, i.e. Thomasnet.com®, which is a free service, supported by advertising revenues, that contains many

of the same features as the other Thomas Register and Thomas Regional versions, including the company profiles and product headings. Because, inter alia, of the growth and almost universal availability of the internet, Plaintiff is phasing out the print version of its directory and intends, following the 2006 edition, of the printed directory to distribute its advertising exclusively online.

9. Defendant IQS is, upon information and belief, a Michigan corporation with its principal place of business at 1500 East Beltline, Grand Rapids, Michigan 49506 that operates an online directory of manufacturing and other industrial products and services called "industrialquicksearch.com."

## FACTUAL BACKGROUND

### The Thomas Register

10. The print version of Thomas Register® is a 29-volume work, revised and published annually, that lists more than 190,000 American and Canadian manufacturing and other industrial companies selling millions of products -- from teddy bear eyes to two-inch galvanized nails to aircraft parts and equipment -- and services -- from decontamination of nuclear generating facilities to repair of bakers' ovens and construction cranes. The print edition of Thomas Register is distributed to customers by subscription. Most of the revenues which Plaintiff receives from it are produced by business-to-business advertising placed in it by listed companies.

11. Thomasnet.com contains nearly the same information as the print version of the Thomas Register® and the Thomas Regional® and features quick and easy searching. Its

enhanced features also include the ability for users to send e-mails directly to listed companies with orders or requests for quotes.

12. TIN recently announced plans to discontinue the print publication of the Thomas Register <u>following the 2006 edition of the Thomas Register</u>.

**<u>Industrial Quick Search</u>**

13. IQS's website, industrialquicksearch.com, is an online directory of manufacturing and other industrial products and services that is available on the Internet, without charge to users in New York and elsewhere.

14. IQS derives the bulk of its revenue from business-to-business advertisers, whose listings receive placement in their product categories. IQS regularly solicits and sells such advertising in New York (including the Southern District) to manufacturing and other industrial companies.

15. The IQS website continuously facilitates commercial transactions between the website users, in New York and elsewhere, and the manufacturing and other industrial companies that advertise on the website.

16. IQS directly competes with TIN for customers seeking to advertise their commercial products.

17. IQS has a history and practice of unfairly competing against and infringing upon TIN's intellectual property and currently is a defendant in a related action captioned <u>Thomas Publishing Co. and Product Information Network, Inc. v. Industrial Quick Search, Inc. et al.</u>, Index No. 02 CIV 3307(RO).

**<u>The Wrongful E-mails</u>**

-4-

612036_3

18. Since June, 2005, IQS has been sending a series of misleading e-mails to Plaintiff's customers quoting a May 31, 2005 TIN press release out of context, thereby creating confusion and damaging Plaintiff.

19. Specifically, IQS quotes the first paragraph of the TIN press release, which states as follows:

> Thomas Industrial Network, Inc. (www.ThomasNet.com), the leading provider of Internet sourcing and marketing solutions for industrial buyers and sellers, today announced that it is discontinuing its print publications, reflecting an over ten-year transition to the Internet as the primary information source of the industrial market.

20. The e-mail, however, omits the very next sentence of the press release which states that the print edition will cease "[f]ollowing the 2006 edition." By selectively quoting the press release, IQS has improperly caused Plaintiff's customers to believe that they are losing print advertising they have already purchased for the 2006 edition. IQS's false and misleading advertisements have caused Plaintiff's advertisers to complain and to seek refunds in the mistaken belief that they will not receive advertising they paid for.

21. IQS's misleading advertising violates the Lanham Act and the common law against unfair competition.

22. This misleading e-mail sent by IQS also includes the registered marks THOMAS REGISTER® and THOMAS REGIONAL®, which are owned by Thomas Publishing Company ("TPC"). TPC has exclusively licensed TIN to use these marks.

23. This e-mail also contains Plaintiff's stylized THOMASNET.COM logo, which has caused actual confusion and mistake and deceived the public as to the true identity of

the sender of the e-mail. Specifically, Plaintiff's advertisers have mistakenly concluded that there is a relationship between IQS and Plaintiff, which is not at all the case.

24. Upon information and belief, defendant intends to cause such confusion, mistake, and deceit, and to trade on Plaintiff's reputation and on the goodwill Plaintiff has developed in its marks.

25. Defendant also has been sending an e-mail to Plaintiff's customers entitled "Thomasnet -- 'All of our buyers are online,'" which contains the registered THOMASNET® mark, which is owned by TPC and used exclusively by TIN pursuant to a license from TPC. This e-mail is also misleading and creates confusion as to whether Plaintiff and IQS are associated or affiliated and as to the identity of the sender of the e-mail.

### AS AND FOR A FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANT FOR UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

26. Plaintiff hereby alleges unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, and repeats and realleges every allegation pleaded in paragraphs 1 through 25 of the Complaint with the same force and effect as if fully set forth herein.

27. IQS sent e-mails to Plaintiff's advertisers that improperly caused them to believe that Plaintiff's competitor IQS is affiliated with Plaintiff, as a result, inter alia, of the inclusion of Plaintiff's stylized logo THOMASNET.COM.

28. The public is likely to be confused or deceived as to the source of e-mails and is likely to assume that they were originated by Plaintiff.

29. As a direct and proximate result thereof, Plaintiff has been and will be irreparably injured, and Plaintiff has no adequate remedy at law.

30. Plaintiff has been damaged by defendant's acts of unfair competition to date in an amount to be determined at trial but believed to be in excess of $1 million.

### AS AND FOR A SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT

31. Plaintiff hereby alleges false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and repeats and realleges every allegation pleaded in paragraphs 1 through 25 of the Complaint with the same force and effect as if fully set forth herein.

32. As hereinabove set forth, in advertising and promoting the services of IQS in interstate commerce, IQS has engaged in false advertising by distributing and continuing to distribute e-mails that improperly have caused Plaintiff's customers mistakenly to believe that they will not receive the print advertising they purchased for the 2006 edition, and causing them to seek refunds from Plaintiff.

33. As a direct and proximate result thereof, Plaintiff has been and will be irreparably injured, and Plaintiff has no adequate remedy at law.

34. Plaintiff has been damaged by defendant's acts of false advertising to date in an amount to be determined at trial but believed to be in excess of $1 million.

### AS AND FOR A THIRD CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANT FOR COMMON LAW UNFAIR COMPETITION AND PALMING OFF

35. Plaintiff hereby alleges common law palming off and unfair competition and hereby repeats and realleges each and every allegation pleaded in paragraphs 1 through 25 of the Complaint with the same force and effect as if fully set forth herein.

612036_3

36. By reason of the acts hereinabove set forth, defendant has committed and is committing acts of common law unfair competition and palming off for which plaintiff has no adequate remedy at law.

37. Defendant has committed said wrongful acts knowingly, willfully, and in reckless disregard of Plaintiff's rights, and therefore Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANT FOR TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT

38. Plaintiff hereby alleges that defendant has committed trademark infringement in violation of 15 U.S.C. § 1114 and hereby repeats and realleges paragraphs 1 through 25 of the Complaint with the same force and effect as if fully set forth herein.

39. The trademark THOMAS REGISTER® has been used in connection with an annual directory since at least as early as 1905. On or about May 26, 1970, the United States Patent and Trademark Office granted TPC United States federal registration for the mark THOMAS REGISTER®, Registration No. 0891607. Since as early as 1905, the date of first use of the mark, TPC continually advertised and used the registered THOMAS REGISTER® mark in connection with its annual directory of manufacturing and other industrial products, services, companies and executives. By virtue of its longstanding use in the United States and throughout the world, THOMAS REGISTER® has become a famous mark. At all relevant times, TIN was exclusively licensed to use the THOMAS REGISTER® mark with TPC's permission. The mark is incontestable pursuant to 15 U.S.C. § 1115(b).

612036_3

40. TPC also owns the mark THOMASNET®, which was registered under Registration No. 2232798 on or about March 16, 1999 in the United States Patent and Trademark Office. TIN is exclusively licensed to use and has used this mark in connection with the internet version of the annual directory.

41. TPC also owns the mark THOMAS REGIONAL®, which was registered under Registration No. 2425000 on or about January 30, 2001 in the United States Patent and Trademark Office and transferred to TPC by assignment. TIN is exclusively licensed by TPC to use this mark.

42. IQS has used the THOMAS REGISTER®, THOMAS REGIONAL® and THOMASNET® marks in the aforementioned e-mails.

43. IQS's use of the THOMAS REGISTER®, THOMAS REGIONAL® and THOMASNET® marks was without permission of TIN or TPC.

44. IQS's use of the THOMAS REGISTER®, THOMAS REGIONAL® and THOMASNET® marks is likely to cause confusion and mistake and to deceive the public. Upon information and belief, defendant intends to cause such confusion, mistake, and deceit, and to trade on Plaintiff's reputation and on the goodwill Plaintiff has developed in the marks.

45. IQS's use of the THOMAS REGISTER®, THOMAS REGIONAL® and THOMASNET® marks in its e-mails is likely to, and upon information and belief did, lead consumers to believe that IQS is associated with, published by or endorsed by Plaintiff and/or that the e-mails at issue were sent by Plaintiff.

46. IQS has infringed Plaintiff's trademark rights by its use of the THOMAS REGISTER®, THOMAS REGIONAL® and THOMAS NET® marks, in violation of Section 32

of the Lanham Act, 15 U.S.C. § 1114. Upon information and belief, such infringement was intentional.

47. As a direct and proximate result thereof, Plaintiff has been irreparably injured.

48. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against defendant as follows:

a. enjoining defendant and its agents, servants, employees, attorneys, successors, and assigns and all persons in active concert or participation with any of them, both preliminarily during the pendency of this action and permanently from further infringing the trademarks THOMAS REGISTER®, THOMASNET® and THOMAS REGIONAL® and wrongfully using the THOMASNET.COM logo;

b. enjoining defendant and its agents, servants, employees, attorneys, successors, and assigns and all persons in active concert or participation with any of them, both preliminarily during the pendency of this action and permanently from further acts of false advertising and unfair competition directed against Plaintiff;

c. awarding to Plaintiff compensatory damages for the acts complained of herein in an amount in excess of $1 million to be determined at trial;

d. trebling Plaintiff's damages from defendant's Lanham Act violations, pursuant to 15 U.S.C. Section 1117;

e. awarding to Plaintiff all profits attributable to defendant's violations of the Lanham Act and ordering that an accounting of defendant's profits be rendered;

f. awarding to Plaintiff its full costs, disbursements, and reasonable attorneys' fees

612036_3

incurred in this action;

g.  awarding to Plaintiff punitive damages against defendant in view of defendant's willful and intentional misconduct as herein alleged; and

h.  awarding to Plaintiff such additional and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2005

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
James F. Rittinger (JR-0556)
Mark A. Fowler (MF-4605)
Walter A. Saurack (WS-8815)
230 Park Avenue
New York, New York 10169
(212) 818-9200

Attorneys for Plaintiff Thomas Industrial Network, Inc.

-11-

612036_3

613239_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS INDUSTRIAL NETWORK, INC.,

   Plaintiff,

- against -

INDUSTRIAL QUICK SEARCH, INC.,

   Defendant.

Civ.

**SUMMONS AND COMPLAINT**

SATTERLEE STEPHENS BURKE & BURKE LLP

*Attorneys for* Plaintiffs

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200